

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SURJET SINGH,

          Plaintiff,

          vs.

ANNA M. BAEZ PADILLA et al.,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. SACV 14-0619-UA (DUTYx)

ORDER SUMMARILY REMANDING
IMPROPERLY REMOVED ACTION

The Court hereby summarily remands this unlawful-detainer action to state court because Defendant Anna M. Baez Padilla removed it improperly.

On April 18, 2014, Defendant, having been sued in a routine unlawful-detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter under separate cover because the action was not properly removed. The Court also issues this order remanding the action to state court to prevent it from remaining in jurisdictional limbo. Remand is necessary because Plaintiff could not have brought this action in federal court in the first

1

place, and Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction.  Therefore, Defendant's removal is improper.  28 U.S.C. § 1441(a); see Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 2623, 162 L. Ed. 2d 502 (2005).

Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000.  See 28 U.S.C. §§ 1332, 1441(b).  On the contrary, the unlawful-detainer Complaint indicates that the amount in controversy "does not exceed $10,000" (Compl. at 1), and Plaintiff requests past-due rent of $5795 and actual damages of $76.66 a day from March 1, 2014, through the date of entry of judgment (id. at 3).

Plaintiff's unlawful-detainer action also fails to raise any federal legal question.  See 28 U.S.C. §§ 1331, 1441(a).  To the extent Defendant asserts that federal-question jurisdiction exists because she plans to assert some sort of defense under the federal Fair Housing Act, 42 U.S.C. § 3604 (see Notice of Removal at P2-P3) or the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 (see Notice of Removal at 2-3), it is well established that a suit "arises under" federal law within the meaning of § 1331 "only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 60, 12 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009) (alteration and internal quotation marks omitted). Federal jurisdiction "cannot be predicated on an actual or anticipated defense," nor can it rest upon "an actual or anticipated counterclaim." Id.  Because the Complaint on its

face alleges only an unlawful-detainer action under state law, no basis for federal-question jurisdiction exists.  See HSBC Bank USA, N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (remanding unlawful-detainer action because "no basis for 'federal question' jurisdiction" existed despite defendant's assertion of federal counterclaims).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Orange County Superior Court, North Justice Center, 1275 N. Berkeley Avenue, Fullerton, California 92838, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of it on the parties.

DATED:   4/27/14

GEORGE H. KING
CHIEF U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

3